IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERT BENTZ, #S03210, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 17−cv–00015−SMY ) |
| SHANE GREGSON, JENNIFER CLENDENIN, DIA RODELY, MORGAN TEAS, JENNIFER WHITLEY, and UNKNOWN PARTIES, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff David Bentz, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings the instant civil rights action pursuant to 42 U.S.C. § 1983 against several Menard officials who allegedly violated his constitutional rights. (Doc. 2). This case was opened after a single claim ("Count 6") was severed from *Bentz v. Gregson, et al.*, No. 16-cv-01349-DRH (S.D. Ill. 2016) ("*Gregson I*"), pursuant to a Memorandum and Order entered in *Gregson I* on January 9, 2017. (Doc. 1). Plaintiff brings the claim against members of Menard's law library staff, including Shane Gregson, Jennifer Clendenin, Dia Rodely, Morgan Teas, Jennifer Whitley and other unknown individuals,[1] for denying him access to the courts in 2016. (Doc. 1, pp. 8, 10; Doc. 2, pp. 30-31). He seeks declaratory judgment, monetary damages and injunctive relief against them. (Doc. 2, pp. 39-41).

---

[1] Plaintiff refers to these unknown members of Menard's law library staff as "John and/or Jane Does" when addressing his claim for denial of court access against them. (Doc. 2, pp. 30-31). The Court will therefore direct the Clerk to substitute "John and/or Jane Does" in place of "Unknown Party" as a defendant in CM/ECF.

This severed case is now subject to preliminary review under 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Count 6 survives preliminary review under this standard.

## Complaint

Relevant to Count 6, Plaintiff asserts that the law library staff at Menard, including Defendants Gregson, Clendenin, Rodely, Teas, Whitley and other "John and/or Jane Does," impeded his access to the Courts in 2016. (Doc. 2, pp. 30-31). Specifically, Plaintiff alleges that these individuals regularly failed to electronically file his court documents or to give him copies

2

of documents that were filed in his pending cases. (Doc. 2, p. 30). On a number of occasions, they stamped Plaintiff's documents as "filed" when they were not. *Id*.

Plaintiff wrote grievances to complain about the law library staff's misconduct as early as January 28, 2016. *Id*. However, the grievances did not resolve the problem. The law library continued this pattern even after Plaintiff filed *Bentz v. Maue*, No. 16-cv-00854-NJR (S.D. Ill. 2016) ("*Maue*"). (Doc. 2, p. 31). Plaintiff alleges that *Maue* was ultimately dismissed because of the law library staff's failure to file documents pertaining to his request for *in forma pauperis* status and related matters. Plaintiff further claims that he missed a deadline imposed by the Seventh Circuit Court of Appeals in another case as a result of the law library staff's misconduct. (Doc. 2, p. 30).

## Discussion

This case involves the following claim that was severed from *Gregson I*:

**Count 6 -** Violation of Plaintiff's right to access the courts by Gregson, Clendenin, Rodely, Teas, Whitley, and other John and/or Jane Does in 2016.

(Doc. 5, pp. 8, 10, *Gregson I*; Doc. 1, pp. 8, 10, instant case). The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merits.

The Seventh Circuit uses a two-part test to decide if prison administrators have violated a prisoner's right of access to the courts. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir. 1992) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Second, the prisoner must show "some

3

quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn*, 364 F. 3d at 868.  A detriment must exist and result from illegal conduct that affects litigation.  However, this does not mean that any delay is a detriment.  *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993).  Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation.  *Id*.

The complaint allegations state a claim against the Menard law library defendants under this standard.  However, this claim is limited to the defendants' interference with Plaintiff's court access in *Maue*.  *Maue* is the only case cited by Plaintiff where he suffered "actual substantial prejudice to specific litigation."  *See Kincaid*, 969 F.2d at 603.  Plaintiff only vaguely refers to other instances of interference with his court access and points to no prejudice that resulted to specific litigation. (Doc. 2, pp. 30-31).  For example, he alleges that the defendants caused him to miss a deadline in one of his appeals.  *Id*.  However, he does not identify which appeal or assert that the single missed deadline resulted in "actual substantial prejudice," either in the form of a delay or an inability to pursue a non-frivolous claim on appeal.  *Id*.

Accordingly, Count 6 shall receive further review against Shane Gregson, Jennifer Clendenin, Dia Rodely, Morgan Teas, Jennifer Whitley, and John and/or Jane Does (Menard law library staff).  However, any court access claim against these defendants that is unrelated to *Maue* shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Identification of Unknown Defendants

Although Plaintiff shall be allowed to proceed with Count 6 against John and/or Jane Does (Menard law library staff), these individuals must be identified with particularity before service of the Complaint can be made on them. Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Guidelines for discovery will be set by the United States Magistrate Judge. Once the names of the unknown defendants are discovered, Plaintiff shall file a Motion for Substitution of each newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

The Warden of Menard Correctional Center (in his or her official capacity only) shall be added as a defendant in the action, in order to assist in the identification of John and/or Jane Does (Menard law library staff) by responding to discovery aimed at identifying these unknown defendants *and* to carry out any injunctive relief that is ultimately ordered. *See, e.g., Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (warden of state prison appropriate defendant in action seeking injunctive relief because the warden is responsible for ensuring the any injunctive relief ordered by the court is carried out).

## **Pending Motions**

**1.    Motion for Leave to Proceed *in forma pauperis* (Doc. 3)**

Plaintiff's Motion for Leave to Proceed *in forma pauperis* shall be addressed in a separate court order.

**2.    Motion to Stay Further Proceedings (Doc. 5)**

Plaintiff's Motion to Stay Further Proceedings Pending Ruling on Joint Motion Under Rule 59(e) is **DENIED** as **MOOT**, based on the Court's ruling on the Joint Motion herein.

**3.     Joint Motion Under Rule 59(e) (Doc. 6)**

Plaintiff's Joint Motion Under Rule 59(e) is **DENIED** for the same reasons that the Court in *Gregson I* and *Maue* denied the motion. (Doc. 20, *Maue*; Doc. 11, *Gregson I*). This Court fully incorporates and adopts these rulings and the corresponding rationale.

## Disposition

The Clerk is directed to **SUBSTITUTE** Defendants "John and/or Jane Does" in place of Defendants "Unknown Parties" in CM/ECF.

The Clerk is also directed to **ADD** the **WARDEN of MENARD CORRECTIONAL CENTER (in his or her official capacity only)** as a defendant for the purpose of responding to discovery aimed as identifying the unknown members of Menard's law library staff who are identified herein as "John and/or Jane Does" and to implement any injunctive relief that is ordered. *Gonzalez*, 663 F.3d at 315.

**IT IS HEREBY ORDERED** that Count 6, which is the only claim in this severed case, is subject to further review against Defendants **SHANE GREGSON, JENNIFER CLENDENIN, DIA RODELY, MORGAN TEAS, JENNIFER WHITLEY,** and **JOHN and/or JANE DOES (once identified)**. This claim is limited to the defendants' alleged interference in Plaintiff's ability to pursue his claims in *Maue v. Bentz*, No. 16-cv-00854-NJR (S.D. Ill. 2016). All other court access claims arising from the defendants' alleged interference is other cases are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that with respect to **COUNT 6**, the Clerk of Court shall

6

prepare for Defendants **SHANE GREGSON, JENNIFER CLENDENIN, DIA RODELY, MORGAN TEAS, JENNIFER WHITLEY, JOHN and/or JANE DOES (once identified),** and **WARDEN of MENARD CORRECTIONAL CENTER (in his or her official capacity only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the original Memorandum and Order (Doc. 1), the Complaint (Doc. 2), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that service shall not be made on Defendants **JOHN and/or JANE DOES (Menard's law library staff)** until such time as Plaintiff has identified them by name in a properly filed Motion for Substitution.  Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings, including a plan for discovery aimed at identifying the unknown members of Menard's law library staff ("John and/or Jane Does") with particularity. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Daly** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

8

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 27, 2017**

**s/ STACI M. YANDLE**
**District Judge,**
**United States District Court**
