IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID ROBERT BENTZ, )
)
Plaintiff, )
)
vs. ) Case No. 17-cv-15-SMY-RJD
)
SHANE GREGSON, et al., )
)
Defendants. )

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff David Bentz, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Plaintiff is currently proceeding on the following claim:

Count 1: Violation of Plaintiff's right to access the courts in *Bentz v. Maue*, No. 16-cv-00854-NJR (S.D. Ill. 2016) by Gregson, Clendenin, Rodely, Teas, Whitley, Stewart, and other John and/or Jane Does.

This matter is now before the Court on Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 46). Plaintiff filed a Response (Doc. 74). For the following reasons, Defendants' motion is **GRANTED**.

## Factual Background

Plaintiff's claims in this case were originally filed in *Bentz v. Gregson*, *16-1349,* on December 15, 2016. Following threshold review in that case, the following claim was severed and referred to this case:

Count 6: Violation of Plaintiff's right to access the courts by Gregson, Clendenin, Rodely, Teas, Whitley, and other John and/or Jane Does in 2016.

The claim was reviewed pursuant to 28 U.S.C. §1915A and the Court clarified that Bentz's claims are limited to the defendants' interference with his court access in *Bentz v. Maue*, No. 16-cv-00854-NJR (S.D. Ill. 2016) ("*Maue*"), because that is the only case cited by Bentz in which he suffered actual substantial prejudice to specific litigation (Doc. 7 at 4). This claim is distinct from the claims in Bentz's seventeen other cases filed with this Court.

Here, Bentz contends he filed multiple grievances regarding library staff interfering with his access to the courts, and at least one of those grievances was denied on the merits by the ARB; therefore exhausting his administrative remedies. Defendants acknowledge that Bentz filed multiple grievances against library staff, but argue none of the grievances were relevant to his access to the courts in the *Maue* case filed on July 27, 2016, and therefore, they did not serve to exhaust his administrative remedies in this case.

There are five grievances filed by Bentz prior to his filing the present action regarding the law library staff interfering with his access to the courts[1]:

**September 9, 2015 (#90-9-15)**: Bentz grieves the "runner system" created by law library policy and requests that he be allowed to browse the legal materials himself, rather than relying on law library staff to retrieve materials. The Counselor responded to this grievance on September 21, 2015, stating that the runner system is an administrative decision made to ensure the safety and security of law library staff and inmates. The Grievance Officer responded on December 5, 2015, denying the grievance because the law library policy was based on the needs, safety, and security of the facility. The CAO concurred with the Grievance Officer's Response on December 10, 2015. There is no further documentation regarding this grievance.

**May 19, 2016 (#102-6-16)**: Bentz filed this grievance against John and Jane Doe property staff. He states that he has continually put in for legal exchange to no avail and that he

---

[1] There are multiple grievances by Bentz regarding conduct of library staff that were filed after this suit was initiated. Because those grievances would not exhaust his administrative remedies prior to his filing suit, the Court will not review those grievances.

has approximately 50 court deadlines that the law library refuses to log. He further states that he has missed court deadlines and is being denied access to the courts. The requested relief is access to legal storage on a regular basis. The Counselor responded on May 23, 2016 that Bentz has been scheduled for personal property for May 24, 2016 to handle this issue. The Grievance Officer reviewed the grievance on July 1, 2016 and stated that she contacted personal property and was advised Bentz was present for legal exchanges on the following dates: May 24, 2016, May 31, 2016, June 7, 2016, and June 14, 2016. North 2 property also advised that Bentz would be added to the legal exchange list for the upcoming weekend. The Grievance Officer notes that Bentz would not be called over on a regular basis to access legal storage because an offender is required to submit a request to the property department each time he wishes to access his property. She also noted that the law library advised that Bentz's court deadlines had been logged and that he has submitted proof of deadlines and is on deadline status (automatic call) until June 13, 2017. The Grievance Officer's recommendation was that Bentz's grievance is moot because he is provided access to his legal materials. The CAO concurred with the Grievance Officer's Report on July 7, 2016. Bentz appealed the CAO's decision to the ARB. However, the ARB did not receive the appeal until August 15, 2016, more than 30 days after the CAO's decision, so it was denied as not submitted within the timeframe outlined in the rules.

**May 19, 2016 (#103-6-16 #1)**: Bentz states that on May 4, 2016, Menard was on Level 1 lockdown and law library staff member Shane Gregson came to his cell due to deadlines. Bentz informed him that he had a deadline of May 9, 2016 and needed legal copies returned so he could mail them to the 7th Circuit Court before the weekend. Gregson told him he would bring the copies back but did not return. On May 11, 2016, the law library staff made rounds in the SU-Cell House where Bentz requested to see Jennifer Clendenin. She refused to address the issue of the copies. On May 18, 2016, Bentz went to the law library and asked Gregson about

his copies. He was told that he should not write grievances on staff and "things like that would not happen." Bentz received the same response from all other library staff. Bentz grieved that the law library staff was intentionally retaliating against him, causing him to miss known court deadlines. The requested relief was: (1) staff to log all of his court deadlines, (2) return original copies and e-filings, (3) stop taking his legal materials, (4) stop causing him to miss court deadlines, (5) terminate all library staff and replace with qualified staff that will do their jobs, and (6) stop denying Bentz adequate access to the courts. The Counselor responded on May 23, 2016, stating library staff does log court deadlines, library staff does return original copies and e-filings, library staff does not take his legal materials, library staff does not cause him to miss deadlines, staffing is an administrative decision, and the law library staff does not deny or retaliate in any way. All allegations were found to be unsubstantiated. This grievance was appealed along with a second grievance dated June 10, 2016. The Grievance Officer and ARB reviewed the two grievances together. The responses are documented below.

**June 10, 2016 (#103-6-16 #2)**: Bentz filed this grievance against "John and Jane Doe privy respondents of the IDOC administrative, supervisorial, security, and law library staff personnel." He asserts that inmates in segregation are not provided with access to a satellite law library, trained clerks, nor the ability to check out any books from the library. He goes on to state a number of complaints regarding law library policy. He grieves the "runner system," the fact that inmate law clerks do not receive formal training, no outside agencies are available to provide inmates with substantive help, and a number of other issues relating to the operation of the law library. The Counselor responded on June 16, 2016, stating the offender has already written numerous grievances on law library policies previously addressed and the issues will not be re-visited because they have been unable to substantiate any allegations of staff misconduct within this grievance.

This grievance and the previous grievance, #103-6-16 #1, were reviewed by the Grievance Officer on July 1, 2016. The Grievance Officer stated she contacted the law library and the counselor properly responded to the first grievance. She further stated that with regard to the second grievance, Bentz gave no specific dates on how the library issues have personally affected him and that he had provided no missed court deadline dates. She noted that law library policy is an administrative decision. Within the grievance timeframe (4-10-16 through 6-10-16), Bentz had not been housed in segregation. She further noted that an offender must request access to his legal storage because all storage areas are secure. Bentz is physically present in the law library on a regular basis and is able to inquire about available books and materials, copies and needed assistance. All inmate clerks are required to pass an exam. All staff must meet requirements to be assigned to the law library. If an offender feels he needs outside assistance, he may hire a personal attorney. Per the Mail Room Supervisor, Bentz's mail is current. Law library staff advised they have Bentz logged as current court deadline status and records show he is physically attending law library on a weekly basis. Per the law library, offender has provided no documentation he has missed a court deadline due to Menard issue/staff, and the law library has received nothing from the courts advising of missed deadlines. The CAO concurred with the Grievance Officer's Report on July 7, 2016. Both grievances were appealed to the ARB. The ARB responded that the grievances were submitted over 30 days from the CAO's response, and that the grievance of June 10, 2016 was incomplete.

**January 28, 2016**: Bentz filed this grievance regarding the deprivation of e-filings and documents. The grievance names "Jennifer Clendenin, Morgan Teas, Shane Gregson, and John and Jane Doe privy respondents of Menard security, mail room, supervisorial, administrative and law library." Bentz states that staff is depriving him of e-filings and documents filed in his lawsuits and that he has received other inmates' e-filings rather than his own. The requested

relief is to be given a copy of all e-filings and documents filed within the United States Courts in the following cases: 11-3403, 13-573, 13-1259, 13-1260, 14-562, 14-996, 14-1132 and 15-121, for the months of November 2015, December 2015, and January 2016. He further requests that he be physically handed his e-filings in person by the law library staff. The Counselor responded on February 2, 2016 that the offender had been sent all of his documents requested and per policy all mail is sent to the cell house and passed out by the 3-11 shift. The Grievance Officer reviewed the issue on April 20, 2016 and contacted the law library for clarification. The Report notes that the law library advised after the documents are e-filed and the receipt is received and printed, it is forwarded/given to the offender and is no longer accessible by the law library. If offender needs additional copies of receipts he may address that issue with the court. The library advised they have followed procedure and forwarded all receipts and returned all documents. The ARB reviewed the grievance on the merits and denied it on December 7, 2016 because it found the issue was appropriately addressed by the facility Administration.

After a careful review of the arguments and evidence set forth in the parties' briefs, the Court determined that an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) is not necessary.

### **Legal Standards**

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). When deciding a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

Pursuant to 42 U.S.C. § 1997e(a), inmates are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within

30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may also submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

## **Discussion**

The grievances filed on September 9, 2015 (#90-9-15), May 19, 2016 (#102-6-16), May 19, 2016 (103-6-16 #1), and June 10, 2016 (#103-6-16 #2) were not properly appealed to the ARB and did not receive a denial based on the merits. Therefore, those grievances were not properly exhausted.

Defendants argue that although the grievance filed on January 28, 2016 (#137-2-16) received a denial on the merits from the ARB, it did not exhaust Bentz's administrative remedies in this case because he was not grieving his denial of access to the Courts in *Maue*, which was not filed until July 27, 2016. Plaintiff argues this case is not limited to his court access in *Bentz v. Maue, 16-cv-854*, but includes all of his court cases within the United States District Courts in the Southern and Central Districts of Illinois. Plaintiff is incorrect. This Court specifically ruled

in the Screening Order that any court access claim against these defendants that is unrelated to *Maue* shall be dismissed without prejudice for failure to state a claim upon which relief may be granted (Doc. 7 at 4). Thus, Plaintiff's case is in fact limited to his denial of access to the courts in *Maue*. Because he did not file that case until July 27, 2016, the January 28, 2016 grievance could not have served to put IDOC on notice of any issues with access to the Court in *Maue*.

Plaintiff also argues that the continuing violation doctrine applies and the previous grievance served to put Defendants on notice of the issues he grieves in this case. The Court disagrees with Plaintiff's interpretation of the continuing violation doctrine. A grievance filed six months earlier regarding Plaintiff's library issues in other cases does not suffice to exhaust his remedies in this case. Plaintiff should have filed an administrative grievance regarding any issues he was having at the time with e-filings in *Maue,* so that IDOC would have had the opportunity to address those issues, as had previously been done. When Plaintiff grieved of not receiving e-filings and documents filed in his other lawsuits on January 28, 2016, the counselor reached out to the law library and responded on February 2, 2016 that the offender had been sent all documents requested. By failing to file a grievance regarding access issues in the *Maue* case, Plaintiff did not give IDOC a chance to remedy the situation through an administrative process prior to filing suit. As a result, Plaintiff failed to exhaust the available administrative remedies.

## Conclusion

Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 46) is **GRANTED**. Accordingly, Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**DATED: June 22, 2018**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**